UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA HERNÁNDEZ MARTÍNEZ, Mérida, Yucatán, Mexico | Case No. 4:21-cv-00520-DCN |
| Plaintiff-Petitioner, | **MEMORADUM DECISION AND ORDER** |
| RALPH EDWARD PALMER, Salmon, Lemhi County, Idaho, United States, | |
| Defendant-Respondent. | |

## I. INTRODUCTION

Pending before the Court is a Motion to Modify Injunction (Dkt. 32) filed by M.E.P.H. and L.P.P.H., the minor children involved in the instant Hague Convention return action. The Court informally communicated with counsel for the parties and for M.E.P.H. and L.P.P.H. (the "Children")[1], and set a stipulated expedited briefing schedule on the Motion to Modify. The Motion has been fully briefed and is now ripe for the Court's review.[2]

---

[1] The Children are not parties to this case, but have filed a Motion to Intervene (Dkt. 30) and a Motion to Confirm Guardian Ad Litem (Dkt. 29). Pursuant to the parties' agreed upon briefing schedule, the aforementioned motions will not be ripe until April 5, 2022. Nevertheless, given the immediacy of the relief the Children seek (among other things, to be allowed to travel to California for their upcoming spring break) the Court addresses the Motion to Modify now, in case the Children are ultimately permitted to intervene.

[2] Because the Children identified the legal standard under which they were requesting relief for the first time in their Reply, and also submitted two declarations with their Reply, the Court granted Petitioner's unopposed Motion to File a Sur-Reply (Dkt. 39) in order to allow her the opportunity to respond. Dkt. 41. The Sur-Reply has been filed and the Court has considered it when assessing the Motion to Modify.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion to Modify will be decided on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons that follow, the Motion to Modify is denied.

## II. BACKGROUND

The Court set forth the factual background of this case in its March 7, 2022 Order granting Petitioner's Motion for Preliminary Injunction ("PI Order"). Dkt. 25. In that order, the Court: (1) enjoined Respondent from taking the Children out of Idaho pending a determination on the merits of the instant Petition; (2) ordered Respondent to deposit the Children's passports with the Clerk of the Court for safekeeping; (3) enjoined Respondent from changing the Children's school during the pendency of this action without Petitioner's express written consent; and (4) ordered Respondent to facilitate frequent communication between the Children and Petitioner.

On March 18, 2022, the Children filed the instant Motion to Modify the PI Order.[3] Although they dispute some of the facts recited in the PI Order, the Children only specifically ask the Court to modify the portion of the PI Order enjoining them from traveling interstate. The Children request that they be allowed to travel interstate for spring break and for their ongoing extracurricular activities so long as Petitioner is given advance

---

[3] Respondent has joined in the Children's Motion to Modify (as well as in the Children's additional pending motions). Dkt. 35.

MEMORANDUM DECISION AND ORDER - 2

notice of the time and place of the interstate travel. Petitioner opposes the Motion to Modify. Dkt. 37.

## III. LEGAL STANDARD

"A court retains the power to modify the terms of its injunction in the event that changed circumstances require it." *Pac. Rivers Council v. Thomas*, 936 F. Supp. 738, 742 (D. Idaho 1996). The Ninth Circuit has held that a "party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) (citations omitted).

## IV. ANALYSIS

In their Motion to Modify, the Children argue modification is appropriate because: (1) the Children were not heard on Petitioner's Motion for Preliminary Injunction and have specific interests in their upcoming travel that the Court has not considered; (2) since the PI Order, a court in Mexico has purportedly confirmed the lawfulness of the Children's current presence in Salmon, Idaho; and (3) the Petitioner misrepresented certain facts to the Court in her Motion for Preliminary Injunction. The Court addresses each contention in turn.

### A. Right to be Heard and Interests in Travel

While the Children complain that they were not heard on the motion for preliminary injunction, "[c]hildren are not usually parties to Hague Convention proceedings[.]" *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014). The First Circuit has stated that some cases, but not "very many," may warrant a child's formal representation in a Hague

Convention proceedings. *Walsh v. Walsh*, 221 F.3d 204, 213 (1st Cir. 2000). As such, district courts have sometimes allowed children to participate through a guardian ad litem when their interests are not adequately represented by either party. *Danaipour v. McLarey*, 286 F.3d 1, 8 (1st Cir. 2002) (noting that the district court appointed a guardian ad litem); *Lieberman v. Tabachnik*, 2007 WL 4548570, at *2 (D. Colo. Dec. 19, 2007) (appointing a guardian ad litem). This is precisely the relief the Children seek in their Motion to Intervene and Motion to Confirm Guardian Ad Litem. While the Court will consider such requests when the briefing on both of the aforementioned motions is ripe, the Children were not (and indeed, still are not) parties to this proceeding at the time of the Court's PI Order and did not have the right to be heard on Petitioner's Motion for Preliminary Injunction.

Moreover, the Children's interests in interstate travel were presented to the Court through Respondent in his opposition to Petitioner's Motion for Preliminary Injunction. Dkt. 20. As the Court highlighted in its PI Order, Respondent argued travel outside of Idaho should be allowed during the pendency of this action, including travel to Montana for the Children's weekly extracurricular activities, as well as travel to California for a planned trip over the Children's spring break. Dkt. 25, at 12. Respondent explained the Children traveled to Montana every weekend for a ski program, that L.P.P.H. was practicing for a dressage competition to be held in Montana, and that the Children were planning to visit their cousins in Santa Monica, California, during their spring break. Dkt. 20, at 2. In fact, with the exception of some minor quibbles with the communication requested by Petitioner, Respondent's *sole* objection to the Motion for Preliminary Injunction was Petitioner's request that Respondent be enjoined from travelling with the Children

interstate. *Id.* at 2–3. The Court considered the Children's interest in such travel, but determined this interest was outweighed by Petitioner's interest in ensuring the Children are not secreted away before the resolution of her Petition.[4]

The Children also argue their proposed modification to the injunction (allowing them to travel interstate with notice to the Petitioner) would not diminish the injunction's deterrent effect because Respondent will be pursued through contempt regardless of whether he leaves the state with the Children in violation of the current injunction, or if he fails to return the Children to Idaho following their spring break trip under a modified injunction. Dkt. 38, at 4. The Court disagrees.

First, Congress found otherwise in enacting the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, and specifically § 9004, which authorizes courts adjudicating Hague Convention cases to take protective measures to "prevent the child[ren]'s further removal or concealment before the disposition of the petition." 22 U.S.C. § 9004. Second, Petitioner would clearly experience greater difficulty locating the Children and pursuing her Hague Convention case if Respondent absconds with the Children in California, where this Court, and its contempt power, lack jurisdiction.

---

[4] The Children submitted letters to their proposed guardian ad litem, Challis McNally, with their Motion to Modify. Such letters identify the Children's specific interests in their upcoming travel. Dkt. 33. Again, while the Court recognizes such interests and regrets the Children will have to avoid interstate travel before the April 28, 2022 evidentiary hearing in this matter, such a restriction is frequently ordered in Hague Convention cases to preserve the status quo pending a determination on the merits. *See, e.g.*, *Smith v. Smith*, 2017 WL 6040068, at *2 (D. Idaho Dec. 6, 2017) (*superseded by Smith v. Smith*, 2018 WL 953338 (D. Idaho Feb. 20, 2018)); *Wood v. Wood*, 2013 WL 1907492, at *4 (E.D. Wash. May 8, 2013); *Culculoglu v. Culculoglu*, 2013 WL 1413231, at *1 (D. Nev. Apr. 4, 2013); *Murphy v. Sloan*, 2013 WL 4725120, at *3 (N.D. Cal. Sep. 3, 2013).

In short, the Court has already considered the Children's interests in interstate travel and, while it understands and does not seek to diminish such interests, finds Petitioner has a more significant interest in ensuring that her Hague Convention claim is expeditiously adjudicated.[5]

### B. The Amparo Proceeding

The Children next argue that "since the Court issued its order the court in Mexico has confirmed the lawfulness of their current presence in Salmon, Idaho—establishing that Petitioner has misrepresented the status of the proceedings in Mexico." Dkt. 32, at 2. Specifically, on March 15, 2022, the Fourth Federal District Court in Yucatán, Mexico ("Amparo Court") entered an injunction ordering the Second Court of Family Orality of the First Judicial Department of the State of Yucatán, Mexico ("Family Court") to hear the Children's views before making any determinations, and to allow the Children to testify from Idaho via Zoom, rather than requiring the Children to travel to Mexico to give their testimony. *See, e.g.*, Dkt. 33, at 4 (quoting Amparo Court's March 15, 2022 decision).

As the Court explained in its PI Order, an "amparo" is a Mexican constitutional procedure through which an individual may obtain injunctive relief from a Mexican federal court invalidating any government action taken in violation of the individual's human rights under Mexican law. Dkt. 25, at 7 n. 5. Although the Amparo Court directed the Family Court to allow the Children the opportunity to be heard, the Family Court retains jurisdiction over the custody rights of Petitioner and Respondent. *Id*. (quoting *Madrigal v.*

---

[5] This interest is all the more amplified by the fact that Petitioner has not seen her Children in person for nearly a year.

*Tellez*, 2015 WL 5174076, at *9 (W.D. Tex. Sept. 2, 2015)). Further, the Amparo Court's March 15, 2022 Order does not appear to alter the custody determination made by the Family Court in 2018, or by the Mexican appellate court in 2019.

The Court has already considered the role of the Amparo proceedings in relation to this Hague Convention action and the Children have not identified any evidence or caselaw to explain how the Amparo Court's March 15, 2022 decision should change this Court's prior analysis. Dkt. 25, at 7,  19–20.

### C. Petitioner's Misrepresentations

The Children next argue Petitioner made two misstatements in her prior filings upon which the Court purportedly relied in issuing its PI Order. Dkt. 38, at 2. First, Petitioner stated she was not a party to any of the Amparo proceedings, a fact the Court highlighted in the PI Order. Dkt. 25, at 7 n. 5 (citing Dkt. 22, at 8). In her opposition to the Motion to Modify, Petitioner clarified that while she was not one of the principal parties to any of the Amparo proceedings, she was allowed to submit a brief as an "interested third party" in the Amparo decision cited by the Children. Dkt. 37, at 17 n. 10.

Second, after the Children filed their Motion to Modify, Petitioner, through counsel, conceded that the records in her possession show the Children were enrolled in school in Idaho on May 3, 2021, instead of on April 3, 2021, as she had previously represented. The distinction is relevant because, when opposing Petitioner's Motion for Preliminary Injunction, Respondent argued he realized he could purportedly not return the Children to Mexico once he received notice, on April 9, 2021, that the Federal Collegiate Court in Mexico had prohibited the Children from travelling internationally. Dkt. 21, at 8. The Court

found this contention was disingenuous for several reasons, one being that Respondent enrolled the Children in school in Idaho on April 3, 2021—roughly six days before he received notice of the Federal Collegiate Court's Order on April 9, 2022. Dkt. 25, at 15–16.

The Children argue these "misstatements by [Petitioner] are not isolated events. They represent a pattern of behavior. . . . Over and again [Petitioner] has said or done anything necessary to manipulate the judicial process and interfere with the Children's fundamental rights—including their rights to a healthy relationship with their father and relatives in the United States." Dkt. 38, at 3. Given the "revelation of [Petitioner's] misstatements" the Children ask the Court "to modify its decision" and allow them to travel interstate during the pendency of this action. *Id*.

While the Court expects that further background on Amparo proceedings in Mexico will be offered through Mexican law witnesses during the evidentiary hearing,[6] Petitioner's participation as an interested third party in the Amparo proceeding does not alter the Court's analysis of the Amparo proceedings in the PI Order. Dkt. 25, at 7, 19–20. Nor does Petitioner's purported misstatement regarding the date the Children were enrolled in school support modification. Notably, Petitioner obtained the April 3, 2021 misstated enrollment date from *Respondent's* submission to the United States Department of State. Dkt. 11-1, at 12 (citing Dkt. 11-14, at 4). Petitioner can hardly be faulted for relying on Respondent's representation regarding the enrollment date, particularly given that Petitioner resides in

---

[6] Petitioner has indicated she will call a Mexican law witness, and, although he has not yet so indicated, Respondent may intend to call one as well. Dkt. 37, at 17 n. 10.

Mexico and had no input in Respondent's unilateral decision to enroll the Children in school in Idaho.

In short, it is not clear that Petitioner has misstated the record, and, even if she has, such misstatements are irrelevant to either the Court's finding that Petitioner met the four elements required for a preliminary injunction under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), or to the Children's request that they be permitted to travel outside the state during the pendency of this action.

## V. CONCLUSION.

In sum, the Children have not illustrated changed circumstances, much less a significant change in facts or law, which would warrant modification of the PI Order. *Pac. Rivers Council*, 936 F. Supp. at 742; *Sharp*, 233 F.3d at 1170.

## VI. ORDER

1. The Children's Motion to Modify (Dkt. 32) is **DENIED**; the Children shall remain in Idaho during the pendency of this action.

DATED: March 29, 2022

David C. Nye
Chief U.S. District Court Judge