UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA HERNÁNDEZ MARTÍNEZ, Mérida, Yucatán, Mexico | Case No. 4:21-cv-00520-DCN |
| Plaintiff-Petitioner, | **MEMORADUM DECISION AND ORDER** |
| v. | |
| RALPH EDWARD PALMER, Salmon, Lemhi County, Idaho, United States, | |
| Defendant-Respondent. | |

## I. INTRODUCTION

Pending before the Court is Petitioner Laura Hernández Martínez's Motion for Leave to File a Sur-Reply. Dkt. 45. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion for Leave to File Sur-Reply will be decided on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons that follow, Petitioner is denied leave to file a sur-reply.

## II. BACKGROUND

The Court set forth the factual background of this case in its March 7, 2022 Order granting Petitioner's Motion for Preliminary Injunction ("PI Order"). Dkt. 25. This factual background is incorporated by reference. On March 18, 2022, M.E.P.H. and L.E.P.H. (the "Children"), through Challis McNally, their proposed guardian ad litem, filed an Expedited

MEMORANDUM DECISION AND ORDER - 1

Motion to Confirm Appointment of Challis McNally as Guardian Ad Litem (Dkt. 29), as well as a Motion to Intervene (Dkt. 30) (collectively the "Children's Motions") in the instant Hague Convention return action.[1] The parties agreed to a briefing schedule, and Petitioner filed a joint response to the Children's Motions on March 30, 2022. Dkt. 43. Petitioner included a filing from a pending Idaho State Court Custody Case, as well as the case report for the Idaho State Court Custody Case, with her Response brief. Dkt. 43-1; Dkt. 43-1; *see also* Dkt. 25, at 8–9 (outlining history of Idaho State Court Custody Case).

Among other things, Petitioner cited the aforementioned documents in support of her argument that McNally was appointed by the Idaho State Court as "Attorney/Guardian Ad Litem" for Movants. Dkt. 43, at 9. As such, Petitioner suggests the Idaho State Court impermissibly appointed McNally to perform the dual role of both attorney and guardian ad litem for the Children in the Idaho State Court Custody Case. Dkt. 43, at 9 (citing *In re Doe*, 425 P.3d 285, 288 (Idaho 2018) (recognizing that counsel cannot "wear two hats" and serve as both "the attorney and the guardian ad litem" for a minor child)). Petitioner argues that because the same person, if an attorney, is disqualified to act as both the guardian ad litem and the attorney for a child, an attorney in a law firm who is associated with the attorney serving as a guardian ad litem cannot represent the same child. *Id.* (citing Idaho Rule of Professional Conduct 1.10(a)). Petitioner contends McNally is inappropriately attempting to act as both a guardian ad litem and an attorney in the instant federal case, as the Children's Motions were filed by another attorney in McNally's law firm.

---

[1] Respondent has joined in the Children's Motions. Dkt. 35.

In their Reply to Petitioner's Response, the Children filed McNally's declaration, attesting that she has functioned solely as a guardian ad litem in the Idaho State Court Custody Case. Dkt. 43-1, ¶¶ 3–4. The Children also cited a dictionary definition of the "/" symbol, stating a slash ("/") is "used typically to denote 'or'—not 'and.'" Dkt. 44, at 7 (citing https://www.merriam-webster.com/dictionary/slash (definition 4)). Given this definition, the Children suggested the Idaho State Court's appointment of McNally as "Attorney/Guardian Ad Litem" meant she was not appointed as both an attorney and a guardian at litem, but instead solely as a guardian ad litem.

The day after the Children's Reply brief was filed, Petitioner filed the instant Motion for Leave to File Sur-Reply. Dkt. 45. Petitioner argues a sur-reply is appropriate because the Children (through McNally) provided and cited to McNally's declaration for the first time in their Reply brief, and also cited to authority (the aforementioned dictionary definition) not included in their opening brief. Petitioner seeks leave to file a sur-reply to address McNally's declaration and the secondary authority cited in the Children's Reply brief. Petitioner also seeks to identify statements Respondent's counsel made in the Idaho State Court Custody Case regarding the appointment of a guardian ad litem, as well as to provide a redacted excerpt from McNally's report in the Idaho State Court Custody Case.[2] The Children oppose Petitioner's Motion.

---

[2] Petitioner also contends a sur-reply is necessary so she can indicate that she would not oppose a Motion to Amend to allow Respondent to assert the affirmative defenses the Children seek to raise. Dkt. 45, at 3. Petitioner could simply so stipulate—a sur-reply is not necessary to identify her non-opposition.

## III. LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, this Court has recognized that a reply brief may justify a sur-reply in appropriate circumstances." *Ocampo v. Corizon*, LLC, 2019 WL 1495251, at *3 (D. Idaho Apr. 4, 2019). Leave to file a sur-reply is discretionary but should be granted "where a valid reason for such additional briefing exists," such as when the movant raises new arguments in its reply brief. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). However, sur-replies—in any context—are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *J.R. Simplot Company v. McCain Foods USA, Inc.*, 2021 WL 4899465, at *2 (D. Idaho Oct. 20, 2021) (cleaned up).

## IV. ANALYSIS

The Court finds a sur-reply is inappropriate for each of the categories of information Petitioner seeks to submit.

### A. McNally's Declaration

Petitioner first contends the Children improperly provided McNally's declaration with their reply brief.[3] Federal Rule of Civil Procedure 6(c)(2) provides that "[a]ny affidavit supporting a motion must be served with the motion." In addition, District of Idaho Local Civil Rule 7.1 states that the "moving party shall serve and file with the motion

---

[3] Petitioner also highlights that McNally has already filed a declaration in this matter (Dkt. 33) ("first McNally Declaration"). Petitioner contends the declaration McNally submitted with her reply brief (Dkt. 43-1) ("second McNally Declaration") improperly contains additional assertions beyond the first McNally Declaration. As explained herein, McNally's second declaration was necessitated by the arguments Petitioner raised in her Response brief to the Children's Motions. Such issues were not before the Court when McNally filed her first declaration.

affidavits required or permitted . . . and other supporting materials on which the moving party intends to rely." Dist. Idaho Loc. Civ. R. 7.1(b)(2). While neither the Federal nor Local Rules specifically provide for submitting affidavits with a reply brief, the District of Idaho has previously held that "[a]lthough the rules do not specifically allow for submission of evidence on reply, where it relates to an argument made in reply to an opposition, the Court often considers the information." *Creative Co-Op, Inc. v. Elizabeth Lucas Co.*, LLC, 2012 WL 761732, at *6 (D. Idaho Mar. 7, 2021). Further, "precedent establishes that, in the face of new evidence, the court should permit" reply affidavits, "so long as no element of surprise or prejudice is created by doing so." *Doolittle v. Structured Investments Co., LLC*, 2008 WL 5121591, at *3 (D. Idaho Dec. 4, 2008) (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477 (6th Cir. 2002)). In determining whether to consider an affidavit filed with a reply brief, the Court must evaluate whether the evidence rebuts arguments raised for the first time in the non-moving party's opposition, *Mintun v. Peterson*, 2010 WL 1338148, at *27 (D. Idaho Mar. 30, 2010), or whether it "should have been presented with the opening brief," *Advanced Media Networks LLC v. Row 44 Inc.*, 2014 WL 5760545, at *1 (C.D. Cal. Nov. 4, 2014) (citation omitted).

Here, McNally's second declaration *solely* responds to Petitioner's argument—raised for the first time in this proceeding in her Response brief—that McNally is impermissibly attempting to act as both the Children's guardian ad litem and their attorney. As this issue had not been raised when McNally filed her first declaration, she could not have anticipated, or addressed, her alleged dual role in her first declaration. As such, McNally's second declaration merely rebuts arguments raised for the first time in

MEMORANDUM DECISION AND ORDER - 5

Petitioner's response brief, and does not add new information that should have been included with the Children's opening brief. Accordingly, the Court finds a sur-reply is not necessary with respect to McNally's declaration. *See Hill*, 2005 WL 3031136, at *1.

## B. Additional Authority

Petitioner also contends she should be granted leave to file a sur-reply to [a]ddress the online dictionary authority cited for the first time in Movants' Reply Memorandum regarding the appropriate meaning of the slash ("/") symbol. Dkt. 45, at 3. Like McNally's second declaration, the Children submitted the Merriam Webster dictionary definition of the slash symbol to respond to arguments raised for the first time in Petitioner's response brief. "A reply necessarily raises facts and issues, for the first time, that are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition." *Calderon v. Experian Information Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013) (citation omitted). A sur-reply is not necessary to address the Children's secondary authority because such authority merely responds to matters placed in issue by Petitioner in her response brief. *Id*.

## C. Documents from the State Court Custody Case

Finally, Petitioner seeks leave to file a sur-reply to: (1) identify statements by Respondent's attorney regarding McNally's role in the State Court Custody Case; and (2) provide a redacted excerpt from McNally's report in the Idaho State Court Custody Case. Dkt. 45, at 3. As the issue of McNally's role in the Idaho State Court Custody Case was raised by Petitioner in her response brief, and not by the Children in their Reply brief, it

would be inappropriate to grant Petitioner leave to file such documents in a sur-reply. Petitioner could have filed documents from the State Court Custody Action with her Response brief but failed to do so.

## V. ORDER

NOW, THEREFORE, **IT IS HEREBY ORDERED:**

1.  Petitioner's Motion for Leave to File Sur-Reply (Dkt. 45) is **DENIED**.

DATED: April 12, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7