UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA HERNÁNDEZ MARTÍNEZ, Mérida, Yucatán, Mexico<br><br>Plaintiff-Petitioner,<br><br>RALPH EDWARD PALMER, Salmon, Lemhi County, Idaho, United States,<br><br>Defendant-Respondent. | Case No. 4:21-cv-00520-DCN<br><br>**MEMORADUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Respondent Ralph Edward Palmer's "Motion for Relief from Judgment or Order Based on Clerical Mistake or Mistake Arising from Oversight or Admission or Excusable Neglect" ("Motion to Amend"). Dkt. 28. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated below, Respondent's Motion to Amend is DENIED.

## II. BACKGROUND

The factual background of this case is well known to the parties and to the Court, and will not be repeated here. The instant motion concerns the Court's March 7, 2022 Order granting Petitioner's Motion for Preliminary Injunction ("PI Order"). Dkt. 25. In the PI

MEMORANDUM DECISION AND ORDER - 1

Order, the Court stated the Children, M.E.P.H. and L.P.P.H. (the "Children"), involved in this Hague Convention return action started school in Salmon, Idaho, on April 3, 2022. In his Motion to Amend, Respondent moves the Court for an Order "clarifying the record to reflect that the Children were in fact enrolled in school in Salmon, Idaho, on May 3, 2022, rather than April as reflected in a number of pleadings filed herein." Dkt. 28, at 1. Petitioner opposes the Motion to Amend. Dkt. 47. Respondent did not file a reply brief and the time for doing so has now passed.

### III. LEGAL STANDARD

Respondent brings his motion pursuant to Federal Rule of Civil Procedure 60. Dkt. 28-1, ¶ 1. Rule 60(b) provides for reconsideration upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which would justify relief. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citations omitted). A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). The moving party bears the burden of establishing grounds for relief. *Id*.

### IV. ANALYSIS

When opposing Petitioner's Motion for Preliminary Injunction, Respondent argued he realized that he could not return the Children to Mexico once he received notice, on approximately April 9, 2021, that the Federal Collegiate Court in Mexico had purportedly prohibited the Children from travelling internationally. In the PI Order, the Court found

this representation was disingenuous for several reasons, one being that Respondent enrolled the Children in school in Idaho on April 3, 2021—roughly six days before he received notice of the Federal Collegiate Court's Order on April 9, 2022. Dkt. 25, at 15.

The Court obtained the April 3, 2021 enrollment date from a letter Respondent's counsel submitted to the United States Department of State. Dkt. 11-14, at 4. Petitioner also cited the April 3, 2021 enrollment date in her Motion for Preliminary Injunction. Dkt. 11-1, at 12. Respondent thus could have raised the error in his response to Petitioner's Motion for Preliminary Injunction. Respondent offers no explanation for his failure to do so, making reconsideration to correct the enrollment date inappropriate. *Tableau Software, Inc. v. Any Aspect KFT*, 2008 WL 5429819, at *2 (N.D. Cal. Aug. 12, 2008) (denying reconsideration of summary judgment order where defendant could have raised factual discrepancy in its opposition to plaintiff's motion for summary judgment). "Rule 60(b)(1) is not intended to allow a party to reargue an issue previously addressed if the motion merely advances . . . supporting facts which were available for presentation at the time of the original argument." *Carr Huml Investors, LLC v. Arizona*, 2008 WL 11440680, at *2 (D. Ariz. Jan. 24, 2008).

Further, the apparent misstatement in the enrollment date is ultimately irrelevant. In his Motion to Amend, Respondent suggests the Children were actually enrolled in school in Idaho on May 3, 2021, and asserts he "wants to make sure the Court has a clear understanding that the Children were enrolled in school only after an Order was entered

**MEMORANDUM DECISION AND ORDER - 3**

out of the Mexican Courts precluding their travel back to Mexico."[1] Dkt. 28, at 1. Regardless of whether the Children were enrolled in school in Idaho on April 3, 2021, or May 3, 2021, the question before the Court—both when it considered the Motion for Preliminary Injunction and when it makes a decision on the Petition—is whether the Children have been wrongfully retained in Idaho since April 11, 2021. Although there are numerous other issues the Court may need to consider, none of these issues involve the date the Children were enrolled in school in Idaho.

## V. CONCLUSION

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inv. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Here, the "mistake" of which Respondent complains could have been corrected before the Court issued the PI Order and, in any event, is immaterial to either the PI Order or the ultimate resolution of the Petition. Dkt. 28, at 1. Rule 60(b) relief is not warranted where, as here, the factual error of which Respondent complains is inconsequential. *Carr Huml*, 2008 WL 11440680, at *5; *Tableau Software*, 2008 WL 5429819, at *2 (denying reconsideration where "mistake" at issue had no bearing on the court's ruling); *Kinney v. Cuellar*, 2018 WL 3207973, at *2 (N.D. Cal. June 29,

---

[1] The Court also found Respondent's claim that he only retained the Children in Idaho because the Federal Collegiate Court required him to do so was disingenuous for a number of other reasons, none of which had anything to do with the date the Children were enrolled in school in Idaho. Dkt. 25, at 15–17. While the Court's conclusion regarding the ultimate effect of the Federal Collegiate Court's Order may change depending on the testimony of the parties' Mexican law experts at the upcoming evidentiary hearing, the date the Children were enrolled in school in Idaho is irrelevant to this determination.

2018) (denying Motion to Alter where "inconsistencies and false statements" were immaterial to the court's ruling).

## VI. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Respondent's Motion to Amend (Dkt. 28) is **DENIED**.

DATED: May 09, 2022

David C. Nye
Chief U.S. District Court Judge